IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RICKY E. CAMACHO,<br>TDCJ-CID # 1123716,<br><br>Plaintiff,<br><br>v.<br><br>BRAD CASAL, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. V-04-0109 |

**MEMORANDUM OPINION AND ORDER**

Ricky E. Camacho, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 against the following TDCJ-CID officials in their individual capacities: TDCJ-CID Director Douglas Dretke, TDCJ-CID Stevenson Unit Warden Brad Casal, and TDCJ-CID Gang Intelligence Officers Emil Garza, and Agapito Villareal. Camacho complains that he has been subjected to cruel and unusual punishment as a result of being held in administrative lock-down at his unit. He has filed motions for appointed counsel, supplemented allegations, and an injunction against TDCJ-CID from using the procedures to place him in lock-down. The court will deny the motions and dismiss this action as frivolous.

**I. Allegations**

Camacho was assigned to the Stevenson Unit when the complained of events occurred. On May 4, 2004, Warden Casal ordered a lock-down for all active and suspected gang members at the

Stevenson Unit. The purported reason for the lock-down was that Officer Garza had been informed that members of a gang called Patria Revolucion Mexicana (PRM) had received orders to attack any gang members from West Texas. Camacho was included in the group held in lock-down because his file indicated that he was from West Texas due to the fact he had attended school in Lubbock, Texas. Camacho disputes the officials' conclusion because he is from San Marcos, Texas, and he asserts that his records clearly reflect this fact. In addition, Camacho claims that his records show that he is not a gang member. Camacho contends that a regional gang intelligence officer discovered that Camacho's placement was a mistake and recommended that Camacho be released to the general inmate population. Despite the recommendation, Casal continued the lock-down.

Camacho complains that he has been subjected to cruel and unusual punishment because of the lock-down status. He states that he has had to eat cold meals and go without showers for as long as seventy-two hours. In addition to hygiene problems, Camacho complains that it is more difficult to obtain medical treatment while in lock-down and that he is therefore more susceptible to infection. Camacho also asserts that the lock-down places him in danger of attack because his placement implies that he is a gang member.

Camacho seeks an order from this court for an injunction for his release into general population as well as a injunction to prevent TDCJ-CID from using an inmate's background to determine whether or not he should be classified as a gang member.

## II. <u>Analysis</u>

In order to establish a claim under section 1983, a prisoner must assert facts which demonstrate that he was deprived of a constitutional right or federal statutory right. *Biliski v.*

*Harborth*, 55 F.3d 160, 162 (5th Cir. 1995), *citing Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989). Camacho has not set forth facts which indicate that the defendants have violated his rights by placing him in administrative lock-down because prison authorities have broad discretion in classifying their prisoners. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Camacho does not have a constitutional right not to be classified as a security threat, and the court will not interfere with the decision to assign him to confined custody as a result of the classification. *Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976); *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) ("an inmate has no protectable liberty interest in his classification"); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In general, prisoner civil rights complaints are only actionable where the facts show that prison officials have harmed or endangered the complaining prisoner and the officials were aware that their actions were dangerous to the prisoner's health or safety. *See Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994); *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998). Camacho's vague fears that he might be identified and subject to assault as a gang member do not implicate a constitutional violation. *See Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996).

Camacho's complaints that his meals are cold and that he is unable to shower everyday are not actionable. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food), *citing George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *Walker v. Mintzes*, 771 F.2d 910, 928 n.5 (6th Cir. 1985) (two or three showers

weekly for inmates who do not work is sufficient). Prisons are not supposed to be comfortable. *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). Camacho's general complaint that he would have greater difficulty in obtaining medical treatment does not establish a civil rights violation. *See Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (delay in medical treatment does not constitute deliberate indifference unless the delay results in substantial harm). The fact that inmates in administrative lock-down are under greater restrictions and have less amenities than those in general population does not implicate a constitutional violation. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Such conditions are a part of normal prison life and must be endured by those who need to be held apart from the others. *Id*.

Camacho's motion (Docket Entry No. 3) for an injunction against the use of background information to determine gang status will be denied because Camacho has failed to show that he would prevail on the merits and that the injunction would not pose a threat to prison security. *See Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Moreover, the court records show that Camacho has been transferred to the Terrell Unit (*See* Docket Entry No. 8) which would render moot his placement at the Stevenson unit. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001).

This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e) because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motion to Proceed In Forma Pauperis

Camacho has moved to proceed as a pauper. The motion (Docket Entry No. 2) is **GRANTED**. However, Camacho is **ORDERED** to pay the entire filing fee as soon as funds become available. *See* 28 U.S.C. § 1915(b). The TDCJ-ID Inmate Trust Fund is **ORDERED** to withdraw $ 29.00 from Camacho's Account and forward the funds to the Clerk. Thereafter, the Inmate Trust Fund shall deduct 20% of each deposit made to Camacho's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

### IV. Other Motions

Camacho has filed a motion (Docket Entry No. 6) to supplement the allegations made in his original complaint. The motion will be denied because the claims are frivolous and Camacho has failed to set forth any facts or arguments which would alter the court's conclusion regarding his prison assignment. *See Davis v. Louisiana State Univ.*, 876 F2d 412, 413-14 (5th Cir. 1989).

Camacho has moved for court appointed counsel. In general, there is no right to such counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion (Docket Entry No. 4) is **DENIED** due to the elementary nature of the issues and Camacho's apparent ability to prosecute his case. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

### V. Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Ricky E. Camacho, TDCJ # 1123716, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

4. Camacho's other pending motions (Docket Entry Nos. 3, 4, and 5) are **DENIED**.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE